[Civ. No. 277.    Second Appellate District.—March 23, 1906.]

LOUISE A. FRENCH et al., Petitioners, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

ESTATES OF DECEASED PERSONS—SPECIAL ADMINISTRATOR—SETTLEMENT OF ACCOUNT.—A special administrator is subject to the provisions of sections 1622 to 1627 of the Code of Civil Procedure, in regard to "accounting and settlement by executors and administrators," and may exhibit an account for settlement, pending his administration, and prior to the appointment of a regular executor or administrator.

ID.—HEARING OF ISSUES—DUTY OF COURT—MANDAMUS.—Where issues were joined upon the presentation of an account by a special administrator, pending his administration, by objections presented thereto by heirs of the deceased and beneficiaries under his will, it was the duty of the court to hear and determine such issues, and upon its refusal to do so, *mandamus* will lie to compel action thereupon.

PETITION for writ of mandate to the Superior Court of San Diego County.    N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

C. H. Rippy, E. W. Britt, and Hunsaker & Britt, for Petitioners.

W. J. Mossholder, and Stearns & Sweet, for Respondents.

SMITH, J.—In this case, one C. W. Buker was, on the twenty-seventh day of July, 1903, duly appointed special administrator of the estate of Harriet M. Arnold, deceased,

pending the contests of two wills of the decedent of different dates, which still remain undetermined, and has duly qualified as such. May 10, 1904, he rendered and filed in the superior court a report and account or exhibit of the property of the estate received by him and of payments made by him as such administrator. The account or exhibit prayed that a day be appointed for the hearing thereof, and upon the hearing the same be allowed, approved, and settled; and accordingly notice of such hearing was given by the clerk in the usual manner. The matter, however, was not taken up by the court at the time appointed or afterward; but on the twenty-eighth day of March, 1905, the plaintiffs, who are heirs of the deceased and beneficiaries under either will, filed in the superior court their objections to the account and contested the allowance and settlement of the same, and thereafter, upon due notice to the court, moved the court to hear and determine the issues thus presented. But the court refused, and has ever since refused to hear or determine the issues made by said account and objections, or to appoint a time for the hearing thereof; and this proceeding is an application for a writ of *mandamus* compelling the court to act in the premises.

From the answer of the defendant Conklin it appears that the motion to hear the case was denied by the court on the grounds following: "(5) That there is no law or provision of law in said state of California requiring or authorizing or permitting said special administrator of said estate to make, render or present any account of his administration of said estate prior to the time of the appointment of a regular administrator of said estate, or the appointment of an executor under the last will and testament of said decedent. (6) That there is no law or provision of law in said state authorizing or empowering or directing said superior court, or said respondent N. H. Conklin as the judge thereof, to settle or refuse to settle, allow or refuse to allow, or approve or disapprove said account and report of said special administrator prior to the appointment of a regular administrator or an executor as aforesaid. (7) That said superior court has not, nor has said respondent N. H. Conklin, any jurisdiction to allow or disallow, approve or disapprove, or settle or refuse to settle said account of said special administrator prior to the

appointment of a regular administrator or executor as aforesaid. . . . (12) That should said court settle, allow, and approve said account, the order settling, allowing, and approving the same would not bind any heir of said decedent or any legatee or devisee named in the last will and testament of said decedent, nor any executor or administrator of said estate who might hereafter be appointed. . . . (17) That there is no law or provision of law in said state requiring or authorizing or empowering said special administrator to make any report of his acts as such special administrator prior to the close of his administration as such special administrator."

Upon this showing, we are of the opinion that the court in refusing to hear the case declined to perform functions devolving upon it by the law. A special administrator is, according to the ordinary use of language, merely a kind of administrator; and accordingly the provisions specially referring to him in section 1411 et seq. of the Code of Civil Procedure, form but part of the general chapter entitled "Of Executors and Administrators," etc. We think it clear, therefore, that it was the intention of the legislature that the provisions of this chapter, so far as applicable, should apply to the case of a special administrator, and hence that sections 1622 to 1627, inclusive, are applicable, and the court should have heard the case. As to the kind of order or judgment that should be entered by the court, or its effect as an estoppel, these are questions that it would not be proper to consider in this proceeding; but we are clearly of the opinion that it is the duty of the court to hear the case and at least to take such action with regard thereto as may be necessary for the preservation of the estate.

It is ordered that a peremptory writ of *mandamus* be issued to the defendants, requiring the court and the judge thereof to hear and determine the issues raised by the exhibit of the special administrator, and the objection thereto of the plaintiffs heretofore filed, and to render such judgment or order thereon as it may be advised.

Gray, P. J., and Allen, J., concurred.